IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  :   | |
|  : | CASE NO. 2:95-cr-050(2) |
| **Plaintiff,**  : | |
|  : | JUDGE ALGENON L. MARBLEY |
| v.  : | |
|  : | |
| TONY PEOPLES,  : | |
|  : | |
| **Defendant.**  : | |

**OPINION & ORDER**

This matter comes before this Court on Defendant Tony Peoples' *pro se* Motion Requesting Imposition of a Departed Minimum and Hybrid Revocation Sentence. (ECF No. 234). For the reasons that follow, this Motion is **DENIED**.

**I.     BACKGROUND**

On December 18, 1997, Mr. Peoples was sentenced for possession with intent to distribute over five grams of cocaine base, in violation of 21 U.S.C. 8841 (a)(l). He was sentenced to 126 months imprisonment to be followed by 10 years supervised release, and a special assessment in the amount of $250. (ECF No. 219). His supervised release commenced on September 30, 2004. (*Id*.).

While serving his term of supervised release, on November 9, 2006, a search warrant was executed at Peoples' residence after the Columbus Police Department received information that he was involved in the distribution of drugs. (*Id*.). During the search, 800 grams of heroin was discovered, and Peoples was detained in the Franklin County jail in Columbus, Ohio. He eventually pleaded guilty to related charges in state court and was sentenced to 20 years imprisonment. (ECF No. 234 at 2).

1

On November 17, 2006, a Petition for Warrant or Summons for Offender Under Supervision was filed in this case. (ECF No. 219). It was recommended that, based on the state court charges, a warrant be lodged against Peoples to serve as a detainer. (*Id*. at 2). The probation officer also recommended a sentence of 24 months imprisonment to run consecutive to the current state term of imprisonment. (ECF No. 219-1 at 5). Upon review of the petition, the court found that there was probable cause to believe Peoples violated the conditions of his supervised release, specifically, the conditions to "not commit another Federal, state, or local crime" and to "not illegally possess a controlled substance." (ECF No. 219 at 2). As such, an arrest warrant issued in this case for "Violating the Terms or Conditions of Supervised Release." (ECF No. 220). The warrant is not yet executed.

## II.    LAW AND ANALYSIS

Peoples is currently serving his 20-year sentence and "requests this Court immediately conduct a revocation hearing" so that he may "make all necessary arrangements and adjustments prior to his end of definite sentence which is currently in July 2026." (ECF No. 234 at 5). He concedes to violating the conditions of his supervised release and specifically asks that this Court depart from the applicable guideline range of imprisonment for his violation. (*Id*. at 3). He asks that this Court conduct a hearing to impose a "hybrid sentence" with a portion served in a local detention and the remainder to be served on a monitored, at-home structure. (*Id*. at 4). In requesting this sentence, he urges this Court to recognize that upon his release from his current imprisonment, he is "required to serve a mandatory five (5) year period of Post Release Control under supervision by the Ohio Adult Parole Authority." (*Id*. at 5).

The Government responded in opposition, arguing that this motion is premature. (ECF No. 238 at 2). The Government explained that, after Peoples is released from custody on his state

charges, he "will be brought before this Court for a hearing as to the allegations in the petition for violation of his supervised release. At that time, the Court will appoint counsel for the defendant and will consider evidence as to the violation and, if a violation is found, will consider the factors listed in 18 U.S.C. § 3583 in imposing the appropriate sanction." (*Id*.).

Indeed, any request for a specific sentence for a violation of terms of a supervised release will be addressed after this Court begins the revocation hearing process and makes a finding that a violation occurred. Federal Rule of Criminal Procedure 32.1 governs "revoking or modifying probation or supervised release." Under the Rule, "unless waived by the person, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction." Fed. R. Crim. P. 32.1(b)(2). While the Rule does not define what constitutes a reasonable time, the Sixth Circuit held that an individual alleged to have violated supervised release is not held to have lost her liberty until she is taken into custody on the warrant underpinning the alleged supervised release violation. *United States v. Ivy*, 678 Fed. Appx. 369, 373 (6th Cir. 2017). The Sixth Circuit also notes that "[l]ike parole and probation revocation, a supervised-release-revocation hearing necessarily occurs after a court has sentenced the defendant for the underlying crime of conviction and after the defendant has served the initial term of imprisonment." *United States v. Johnson*, 356 F. App'x 785, 791 (6th Cir. 2009); *see also Moody v. Daggett*, 429 U.S. 78 (1976) ("[W]ithout regard to what process may be due petitioner before his parole may be finally revoked, we hold that he has been deprived of no constitutionally protected rights simply by issuance of a parole violator warrant. The Commission therefore has no constitutional duty to provide petitioner an adversary parole hearing until he is taken into custody as a parole violator by execution of the warrant.").

3

Here, the warrant underpinning the supervised release violation is not yet executed as Peoples remains in custody based on his state court convictions. Peoples does not make an argument to support this Court holding a hearing before the warrant is executed. *See generally Brundage v. Snyder*, 27 F. App'x 572, 572 (6th Cir. 2001) ("The mere lodging of a detainer does not violate a prisoner's due process rights."). Accordingly, this Court finds premature Peoples' sentencing requests in connection with the revocation of his supervised release. Such requests may be raised upon the execution of the warrant for violation of the conditions of Peoples' Supervised Release. (ECF No. 220).

### III. CONCLUSION

For the reasons stated above, Mr. Peoples' Motion Requesting Imposition of a Departed Minimum and Hybrid Revocation Sentence (ECF No. 234) is **DENIED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  June 11, 2025**